COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Anita F. Kawaja, Anthony R. Sueing, Sr., Frontline Recovery and
                         Consulting, Inc., and Frontline Recovery and Consulting North, Inc. v.
                         Derek U.Obialo

Appellate case number:   01-21-00519-CV

Trial court case number: 2021-18043

Trial court:             55th District Court of Harris County

The clerk's record indicates that appellant Anita F. Kawaja filed a motion to dismiss pursuant to the Texas Citizen's Participation Act (TCPA) on June 22, 2021. On June 23, 2021, appellants Anthony Ray Sueing, Frontline Recovery and Consulting, Inc., and Frontline Recovery and Consulting North, Inc. filed a motion to dismiss under the TCPA.

On September 9, 2021, the trial court signed an order granting the TCPA motion to dismiss filed by Sueing and the two Frontline entities. Although no order had been signed, appellant Anita F. Kawaja filed a notice of accelerated appeal on September 28, 2021, arguing that the trial court did not issue a written ruling on the motion to dismiss before the 30th day after the hearing. The hearing was held on July 23, 2021 and thus, the 30th day after the hearing was August 23, 2021. Kawaja argued that her  motion to dismiss was denied by operation of law because the trial court did not rule by August 23, 2021. Thus, Kawaja claimed that her notice of appeal was due 20 days from the August 24, 2021 denial by operation of law, or on September 13, 2021.

Kawaja also notes that she had filed a prior premature notice of appeal on August 24, 2021, which was docketed in appellate case number 01-21-00458-CV. But she had later asked for dismissal of that appeal when the trial court signed its September 9, 2021 orders because those orders stated that the trial court's deadline to rule was extended by the Texas Supreme Court's Emergency Order concerning Covid. Kawaja also asked for dismissal and immediate issuance of the mandate so that she could attempt to obtain a new order granting her motion to dismiss. This Court granted Kawaja's motion and dismissed the appeal in 01-21-00458-CV with mandate to issue immediately. After a hearing, the trial court issued a new written order granting Kawaja's motion to dismiss and dismissed all claims against her with prejudice.

Despite the trial court's grant of her motion to dismiss, Kawaja then filed a notice of appeal from the August 23, 2021 denial by operation of law, claiming this was done out of an abundance of caution because of the uncertainty and lack of precedent whether the Texas Supreme Court's

Emergency Order applied to TCPA deadlines.  Appellee opposes Kawaja's motion for extension of time to file her notice of appeal, asserting that Kawaja does not provide a reasonable excuse for the delay in filing her notice of appeal.

On September 29, 2021, appellants Sueing and the Frontline entities also filed a motion for extension of time to file their notice of appeal.  Sueing and the Frontline entities, like Kawaja, argue that the trial court's initial denials by operation of law and subsequent grants based on an alleged extension of the statutory deadline by the Texas Supreme Court's 40th Emergency Order presents a novel question that provides a reasonable excuse for the delay in filing the notice of appeal.

The Court concludes that appellant Kawaja and appellants Sueing and the two Frontline entities have provided a reasonable excuse for the delay in filing their notices of appeal and the motions for extension of time to file both appellants' notices of appeal are **granted**.

On October 7, 2021, appellee Derek U. Obialo filed a motion for sanctions against appellants Sueing and both Frontline entities for filing a frivolous interlocutory appeal.  On the same date, Obialo filed a motion for sanctions against Kawaja.  These two motions for sanctions will be **carried with the case**.

On October 7, 2021, appellee Obialo filed a motion to dismiss this appeal for lack of jurisdiction, arguing that the trial court had granted appellants' motion to dismiss.  This motion will be **carried with the case**.

On October 18, 2021, appellee Obialo filed a motion to dismiss Kawaja's interlocutory appeal, arguing that the trial court had granted Kawaja's motion to dismiss.  This motion will be **carried with the case**.

On November 8, 2021, appellant Kawaja filed a motion to abate the appeal, or alternatively a motion for extension of time to file her brief, asserting that the Court had not ruled on the pending motions to dismiss.  The Court is carrying the motions to dismiss with the case.  Accordingly, the Court **denies** the motion to abate and **grants** appellant Kawaja's motion for extension of time to file her brief **until January 30, 2023**.

Also on November 8, 2021, appellants' Sueing and the Frontline entities filed a motion to extend the time to file their brief and to abate the appeal, also asserting that the Court has not yet ruled on the motions to dismiss.  The Court has today ruled that the motions to dismiss will be carried with the case.  Accordingly the motion to abate filed by Sueing and the Frontline entities is **denied** and the motion for extension of time to file their brief is **granted** until **January 30, 2023.**

It is so ORDERED.


Judge's signature: _____/s/ Peter Kelly_____
         ☑ Acting individually    ☐ Acting for the Court


Date: ____January 19, 2023_____